THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARL KNIGHT, Defendant-Appellant.

First District (4th Division)    No. 62446

Opinion filed February 10, 1977.

James Geis and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Paul Benjamin Linton, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. After a trial by jury the defendant, Earl Knight, was found guilty of murder and was sentenced to a term of 20 to 60 years in the Illinois State Penitentiary.

The sole issue presented for review is whether or not the eyewitness testimony of the State, taken with the physical evidence, was so unbelievable as to require a reversal.

The facts of the case are, Wilford Seals was shot to death on November 24, 1973. A pathologist from the Cook County Morgue testified the cause of death was six .22-caliber bullet wounds that were received in the rear of the victim's body. An eyewitness to the shooting testified the defendant shot Seals after Seals had challenged him as to what gang the defendant belonged. The police recovered .22-caliber shell casings at the scene, and an expert witness from the Chicago Police Crime Laboratory testified to the damage done to a parked car at the scene of the crime from a .22-caliber rifle. The defense produced five witnesses. They all contradicted themselves and each other as to the events on the night in question.

It is well settled in this State that the testimony of a single eyewitness is sufficient to sustain a verdict of guilty in a murder case, and this court will not overturn a verdict unless it is palpably contrary to the weight of the evidence or so unsatisfactory as to raise a reasonable doubt of guilt. (*People v. Robinson* (1972), 3 Ill. App. 3d 858; *People v. Hairston* (1970), 46 Ill. 2d 348.) In the instant case the testimony of the eyewitness conformed exactly with the physical evidence discovered by the police. The witnesses for the defense could not agree on many important details and in many respects were mutually exclusive. We have reviewed the entire record and as a whole it does not leave any reasonable doubt as to the guilt of the defendant.

For the reasons contained herein the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.